SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Hand and Nail Harmony, Inc.; Nail Alliance, LLC, <br><br> Plaintiffs, <br> vs. <br><br> Guangzhou Cocome Cosmetics, Co.; Guangzhou Bluesky Chemical Technology Co, LTD, <br><br> Defendants. | Case No.: 2:15-cv-1191-GMN-PAL <br><br> **SEALED ORDER** |

Pending before the Court are the Motion for a Temporary Restraining Order ("TRO"), (ECF No. 3), Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, (ECF No. 4), and Motion to Seal, (ECF No. 2), filed by Plaintiffs Hand and Nail Harmony, Inc. and Nail Alliance, LLC.  For the reasons set forth below, the Court will deny these Motions.

This case centers upon allegations that Defendants have violated Plaintiffs' trademarks and sold counterfeit goods in violation of several provisions of the Lanham Act. (Compl., ECF No. 1).  Plaintiffs purport to own marks used in connection with Gelish soak-off nail polishes, a line of nail polish curing lamps, and other nail-care products. (*Id.*).  In their Complaint, Plaintiffs allege that Defendants have promoted, distributed, and sold infringing merchandise at trade shows throughout the world. (*Id.*).  In their Motion for a TRO, Plaintiffs request that the Court issue an order preventing Defendants from, *inter alia*, advertising or selling products bearing Plaintiffs' marks or other marks that are confusingly similar thereto. (Mot. for TRO, ECF No. 3).

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F.

1 Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Brotherhood of*
2 *Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)). "Temporary restraining orders
3 are governed by the same standard applicable to preliminary injunctions." *Quiroga v. Chen*,
4 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010). "A plaintiff seeking a preliminary injunction must
5 establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in
6 the absence of preliminary relief, that the balance of equities tips in his favor, and that an
7 injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20
8 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear
9 showing that the plaintiff is entitled to such relief." *Id*. at 22.
10      In the Ninth Circuit, "actual irreparable harm must be demonstrated to obtain a
11 permanent injunction in a trademark infringement action." *Herb Reed Enterprises, LLC v.*
12 *Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) *cert. denied*, 135 S. Ct. 57
13 (2014). "[T]he irreparable harm requirement for a permanent injunction in a trademark case
14 applies with equal force in the preliminary injunction context." *Id.*; *see also Titaness Light*
15 *Shop, LLC v. Sunlight Supply, Inc.*, No. 13-16959, 2014 WL 5017851, at *1 (9th Cir. Oct. 8,
16 2014) ("The fact that [the plaintiff's] reputation *might* be harmed by the marketing of [the
17 defendant's] products did not establish that irreparable harm to [the plaintiff's] reputation is
18 *likely*."). Accordingly, while "loss of control over business reputation and damage to goodwill
19 could constitute irreparable harm," a court's finding of such harm cannot be "grounded in
20 platitudes rather than evidence." *Herb Reed,* 736 F.3d at 1250.
21      Here, Plaintiffs have failed to present any evidence demonstrating a likelihood of
22 irreparable harm. Instead Plaintiffs offer the conclusory assertion that "consumers mistakenly
23 believe that Defendants' Counterfeit Merchandise of inferior and even unusable or harmful
24 quality originated from Harmony," and incorrectly claim that "[i]rreparable injury is presumed
25 in the case of trademark and Lanham Act violations." (Mot. for TRO 23:13-23, ECF No. 3). In

*Herb Reed*, the Ninth Circuit held that no such presumption of irreparable injury exists, and that direct evidence of irreparable harm, such as a showing of loss of control over business reputation or damage to goodwill, is necessary before a court may impose a preliminary injunction in a trademark infringement case. *See Herb Reed*, 736 F.3d at 1250.

Therefore, as Plaintiffs have failed to provide evidence of irreparable harm, they have failed to demonstrate that a temporary restraining order is warranted in this case. Accordingly, the instant Motions will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order, (ECF No. 3), is **DENIED without prejudice**. Plaintiffs shall have until July 6, 2015, to file an Amended Motion that incorporates the standards set forth in *Herb Reed*. The documents in this action shall remain sealed until the Court rules upon Plaintiffs' Amended Motion.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal and Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, (ECF Nos. 2, 4), are **DENIED** as moot.

**DATED** this 26th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court