UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAND & NAIL HARMONY, INC. and NAIL ALLIANCE, LLC,<br><br>                              Plaintiff,<br><br>   v.<br><br>GUANGZHOU COCOME COSMETICS CO. LTD., et al.,<br><br>                              Defendants. | Case No. 2:15-cv-01191-GMN-PAL<br><br>**ORDER**<br><br>(Am. Mot. Expedited Discovery – Dkt. #13) |

This matter is before the Court on Plaintiffs Hand & Nail Harmony, Inc. and Nail Alliance, LLC's Amended Emergency *Ex Parte* Motion for Expedited Discovery (Dkt. #13) filed July 6, 2015. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9. The Court has considered the Motion.

This case arises from Plaintiffs' allegations that Defendants violated the Lanham Act, 15 U.S.C. § 1051 *et seq.*, by infringing on their trademarks. On June 23, 2015, Plaintiffs filed a Complaint (Dkt. #1) and moved for injunctive relief to include a temporary restraining order ("TRO") as well as an order authorizing expedited discovery and seizure of infringing goods at a trade show. *See* Mots. (Dkt. ##3–7).[1] On July 10th, Chief District Judge Gloria M. Navarro held a hearing on the motions and issued a seizure order and TRO, which was set to expire 10 days after issuance. *See* Mins. of Proceedings (Dkt. #23); Order (Dkt. #29). A hearing was also scheduled on July 20th for Defendants to show cause why a preliminary injunction should not

---

[1] Plaintiffs' request for expedited discovery was only briefed in the original Motion for Expedited Discovery (Dkt. #6), not the Amended Motion for Expedited Discovery (Dkt. #13). It appears that the memorandum of points and authorities filed in support of the Amended Motion was intended to supplement the original Motion. Thus, the Court has considered the arguments in the original Motion.

1

issue. *Id*. However, the Court's Minutes and the Order did not specifically address Plaintiffs' request for expedited discovery. *Id*. *See also* July 10, 2015 Hr'g Tr. (Dkt. #47).

When a party obtains a seizure order pursuant to the Lanham Act, the statute requires federal courts to hold a hearing within 10 to 15 days in which the moving party is required to prove that a seizure order is still warranted. *See* 15 U.S.C. § 1116(d)(10)(A). The statute authorizes a court to issue orders modifying the normal time limits for discovery under the Rules of Civil Procedure "as may be necessary to prevent the frustration of *the purposes of such hearing*." 15 U.S.C. § 1116(d)(10)(B) (emphasis added).

In this case, the expedited hearing contemplated by 15 U.S.C. § 1116(d)(10)(B) took place on July 20, 2015. A review of the docket reveals that expedited discovery was not necessary for the Court to address the seizure authorized by the Order (Dkt. #29). During the July 20th show cause hearing, the Court instructed Plaintiffs to "file photographs of the seized items for the Court's review" and denied Plaintiff's motion for preliminary injunction without prejudice. *See* Mins. of Proceedings (Dkt. #48). Expedited discovery can no longer prevent the frustration of a show cause hearing that has already taken place. As such, Plaintiffs' Amended Motion for Expedited Discovery (Dkt. #13) is now moot.

Accordingly,

**IT IS ORDERED** that Plaintiffs Hand & Nail Harmony, Inc. and Nail Alliance, LLC's Amended Emergency *Ex Parte* Motion for Expedited Discovery (Dkt. #13) is DENIED without prejudice.

Dated this 18th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE